| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 13-2308-JFW (VBKx)** | Date:  April 3, 2013 |

Title:      AP Homes, LLC. -v- Farhad Cohensedgh, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

   On January 30, 2013, Plaintiff AP Homes, LLC ("Plaintiff") filed a Complaint against Defendant Farhad Conhensedgh ("Defendant") in Los Angeles County Superior Court.  On April 1, 2013, Defendant filed a Notice of Removal alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  See Fifty Associates v. Prudential Insurance Company of America, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  See, e.g., Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

   Defendant fails to meet his burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  While Defendant alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  Cooper v. Washington Mut. Bank, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Although Defendant claims that Plaintiff violated The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, a case "arises under" federal law only if the federal question

appears on the face of Plaintiff's well-pleaded complaint.  *Takeda v. Northwester Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985).   Removability cannot be created by a defendant's counterclaims or defenses.  *Id.*  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.